FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 22 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
CONGREGACION DE LA MISION PROVINCIA
DE VENEZUELA, PAULES PADRES COMMUNITY,
INC., PROVINCIA DE ZARAGOZA and PAULES
PADRES COMMUNITY PHILIPPINE ISLANDS,

                Plaintiffs,             96 Civ. 1914 (CRW)

-against-                      ORDER DENYING POST-TRIAL
                                                   MOTIONS
ROSA CURI, as the Summary Administrator
of the Estate of MARCELO CURI,

                Defendant.
---------------------------------X

       A jury trial for most of two weeks commencing on April 4, 2005, resulted in special verdicts and judgment for defendant in this rather complex case alleging multiple theories of wrongdoing by attorney Marcelo Curi, now deceased. Plaintiffs filed timely post-trial motions for judgment as a matter of law or for new trial, and the court held a hearing on the resisted motions on June 7. Before the hearing, the court carefully reviewed the motion papers, the jury charge, and the entire file that included daily transcript of the trial proceedings.

       Principles governing motions for new trial are set forth in Bank of China, New York Branch v. NBM, LLC, 359 F.3d 171 (2d Cir. 2004), and Parker v. Reda, 327 F.3d 211 (2d Cir. 2003).

       The court denies plaintiffs' post-trial motions for the reasons given for each ruling during trial, as supplemented by the following additional explanations.

       I. Motion for Judgment NOV. Plaintiffs contend their evidence of damages caused by defendant's conduct was so strong that they are entitled to judgment for the full amounts of their investment losses. The jury, however, found facts contrary to plaintiffs'

1

damages theories. Evidence supported the jury's special verdicts.

The jury concluded that the $4,175,000 plaintiffs received from Merrill Lynch compensated plaintiffs for their damages. This was consistent with the trial evidence when viewed in a light most favorable to defendant. The jury could reasonably conclude from the evidence that plaintiffs' damages did not exceed the amount of $4,175,000 Merrill Lynch paid them; the jury was not bound to accept the damage calculations of plaintiffs' witness Sena, retained by them to perform an uncertified accounting, nor the plaintiffs' documentary damages evidence that was far from precise. The witnesses Emilio Valdez and Rosa Valdez were far from credible concerning the dollar amounts Emilio Valdez and Curi had received from plaintiffs, invested, and either repaid or converted to their own use.

A second reason plaintiffs are not entitled to judgment as a matter of law is that they did not request judgment during trial after defendant rested. Plaintiffs contended during trial that the effect of the Merrill Lynch settlement presented facts issues for the jury. See Doctors' Assoc. v. Weible, 92 F.3d 108, 113 (2d Cir. 1996); Transcript pp. 1150-56.

A final reason plaintiffs are not entitled to judgment as a matter of law is the statute of limitations, explained in Jury Instruction No. 17A. Even though the jury answered "yes" to the question whether defendant engaged in affirmative acts to conceal from plaintiffs his breach of fiduciary duty and fraud, the jury answered "no" to the question whether plaintiffs exercised due diligence in monitoring their investments in order to discover defendant's wrongful acts. These answers, consistent with defendant's view of the evidence, supported defendant's statute of limitations defense, a separate reason for entering judgment for defendant.

II. Motion for New Trial. Plaintiffs seek a new trial on several grounds, none of which has merit.

Plaintiffs contend the verdict "is against the great weight and preponderance of

the evidence." The court finds sufficient evidence to support each of the jury's special verdict answers. Moreover, plaintiffs have not pointed to any error in the court's jury charge, nor did plaintiffs raise during trial their present basis for a new trial.

Plaintiffs contend no evidence showed a connection between the Merrill Lynch settlement paid to plaintiffs and "the monies given to defendant." But Valdez and defendant were connected in several ways, as alleged in the complaint as amended; many of the documents relied on by plaintiffs refer to both Valdez and Curi. Granted the evidence on some Valdez accounts, before and after his Merrill Lynch employment, was in disarray and confusing. Plaintiffs' evidence fell far short of proving any liquidated damage amount greater than the Merrill Lynch settlement.

Plaintiffs contend the verdicts show the jury was confused. But the court finds no inconsistency in the verdicts on which the court entered judgment for defendant. Moreover, defendant was not responsible for the somewhat confusing manner in which plaintiffs presented their damages evidence to the jury, nor the many confusing documents referred to during the testimony of Emilio Valdez.

Plaintiffs' post-trial motions are denied.

SO ORDERED.

Dated this 22nd day of June, 2005.

CHARLES R. WOLLE, JUDGE
U.S. DISTRICT COURT